UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

| | |
|---|---|
| DEMETRIUS LOYD, | ) |
| | ) |
| Plaintiff, | ) Civil No. 6: 21-81-HRW |
| | ) |
| V. | ) |
| | ) |
| MICHELLE SPURLOCK | ) **MEMORANDUM OPINION** |
| and EDITH HACKER, | ) **AND ORDER** |
| | ) |
| Defendants. | ) |

\*\*\* \*\*\* \*\*\* \*\*\*

Demetrius Loyd, a pretrial detainee awaiting sentencing on federal charges in Tennessee,[1] has filed a *pro se* civil rights complaint. [D. E. No. 1] The Court has granted his motion to proceed *in forma pauperis* by separate Order. This matter is before the Court to conduct the initial screening required by 28 U.S.C. §§ 1915(e)(2), 1915A.

Loyd is currently confined at the Laurel County Detention Center. [D. E. No. 1 at 1] Loyd alleges that he has psoriasis, and that since September 2020 nurse Edith Hacker has repeatedly failed to order the medication needed to treat the condition. He also states that at times she has given the medication intended for him to another inmate. Loyd alleges that he has complained about this to Michelle Spurlock,

---

[1] *See United States v. Loyd*, No. 3: 18-CR-182-KAC-DCP-3 (E.D. Tenn. 2018).

Hacker's supervisor, but that she has done nothing about it. *Id*. at 2-3. He therefore complains that his psoriasis has gone untreated. Loyd notes that he filed an earlier lawsuit about this same issue, but it was dismissed. *Id*. at 7.

In the earlier case, filed on April 1, 2021, Loyd asserted essentially the same claims arising out of the same facts against the same defendants. *Loyd v. Hacker*, No. 6: 21-CV-53-WOB (E.D. Ky. 2021) [D. E. No. 1 therein]. The Court dismissed Loyd's complaint with prejudice on initial screening. The Court noted that Loyd's allegations suggested at most negligence; that he did not allege that the defendants were deliberately indifferent to his medical needs; that the grievances attached to his complaint refuted any suggestion of indifference; and that Spurlock lacked the personal involvement necessary to state a constitutional claim against her. [D. E. No. 7 therein] Loyd did not appeal or challenge the Court's opinion or judgment.[2]

Loyd's Complaint in this case will be dismissed with prejudice because the claims asserted within in it were considered and rejected on the merits in his earlier case, and are therefore barred by the doctrine of issue preclusion. *Res judicata* includes both claim and issue preclusion. *Migra v. Warren City Sch. Dist. Bd. of*

---

[2] The Court takes judicial notice of undisputed information contained on government websites, *Demis v. Sniezek*, 558 F. 3d 508, 513 n.2 (6th Cir. 2009), including "proceedings in other courts of record." *Granader v. Public Bank*, 417 F.2d 75, 82-83 (6th Cir. 1969). The Court may consider such information when determining whether a claim must be dismissed for failure to state a claim under Rule 12(b)(6) without converting the motion into one for summary judgment under Rule 56. *Jackson v. City of Columbus*, 194 F.3d 737, 745 (6th Cir. 1999).

*Educ.*, 465 U.S. 75, 77 n.1 (1984). Issue preclusion bars relitigation of a matter that has been litigated and decided in a prior case; claim preclusion bars relitigation of a matter that was not raised in a prior case but should have been. *Rawe v. Liberty Mut. Fire Ins. Co.*, 462 F.3d 521, 528 n.5 (6th Cir. 2006). Because Loyd has already asserted these same claims and they were dismissed, he may not litigate them a second time in this case. Any minor variation in the terms Loyd uses to characterize his claims does not change that result; the factual basis for his claims is the same in both cases, and any and all legal claims arising from them were required to be asserted in the first case. *Cf. Dixon v. Metro Nashville Police Dep't*, No. 3:20-CV-991, 2020 WL 7641190, at *2 (M.D. Tenn. 2020).

Accordingly, it is **ORDERED** as follows:

1. Loyd's complaint [D. E. No. 1] is **DISMISSED WITH PREJUDICE**.
2. This matter is **STRICKEN** from the active docket.

This the 14th day of May, 2021.

Signed By:
Henry R Wilhoit Jr.
United States District Judge